MARK SCOGGINS
SCOGGINS LAW OFFICE, LLC
2nd Floor, MIC Building, Chalan Monsignor Guerrero
San Jose Village
P.O. Box 501127
Saipan, MP 96950
Telephone No.: (670) 234-7455/234-7427
Facsimile No.: (670) 234-7256

Attorney for Petitioners Tang's Corporation

F I L E D
Clerk
District Court
MAY 12 2020
for the Northern Mariana Islands
By_____
(Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| TANG'S CORPORATION,<br><br>  Plaintiff / Petitioner,<br><br>  vs.<br><br>IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,<br><br>  Defendant /Respondent. | Civil Case No. 1:20-CV-00006<br><br>**PETITION TO COMPEL ARBITRATION AND COMPLAINT FOR DAMAGES** |

Pursuant to 9 U.S.C. §4 of the Federal Arbitration Act, as Petitioner Tang's Corporation hereby petitions this Court for an order compelling Respondent Imperial Pacific International (CNMI), LLC to arbitrate a dispute with Tang's Corporation. Additionally as Plaintiff Tang's Corporation brings a complaint for damages under an agreement not subject to arbitration. In support of the petition and complaint, Tang's Corporation alleges the following:

### Jurisdiction & Venue

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1332.

2. This Court is the proper venue for this matter in accordance with 28 U.S.C. §1391(b)(2).

### Parties

3. Plaintiff / Petitioner Tang's Corporation (Tang's) is a corporation organized under the laws of the Commonwealth of Northern Mariana Islands.

4. Defendant / Respondent Imperial Pacific International (CNMI), LLC (IPI) is a limited liability company organized under the laws of the CNMI.

5. At all times relevant to this matter, the member of IPI has residence in the United States Virgin

Islands.

## Facts

### Tang's Complaint for Damages – First Agreement

6. In approximately January of 2016, Tang's agreed to remove construction debris and landfill materials from IPI's resort construction site, and to store this material for disposal at IPI's expense.

7. The agreement is a binding an enforceable contract between Tang's and IPI.

8. Tang's performed under the terms of the agreement in good faith.

9. IPI has failed to pay amounts owed under the agreement in the amount of at least $144,623.52.

10. Tang's was required to advance fees for government permits and other fees, including ongoing fees to the CNMI Department of Public Lands, and IPI is resposnible for these charges and fees.

11. Charges for the storage of IPI's materials continue to accrue, and IPI is responsible for these charges.

12. IPI is also responsible for disposal of its materials.

13. The services provided by Tang's are not complete.

14. IPI has breached the agreement with Tang's to Tang's damage.

15. In the alternative, should the Court find that all or part of the second agreement between Tangs and IPI is unenforceable, IPI is unjustly enriched by the services that Tang's provided and continues to provide to IPI.

16. The agreement is not subject to any arbitration requirement.

### Tang's Petition to Compel Arbitration – Consultancy Agreement

17. In approximately November of 2018, Tang's was hired to perform consulting services to IPI related to the fire surpression systems at IPI's resort construction on Saipan.

18. The agreement is a binding an enforceable contract between Tang's and IPI.

19. Tang's performed under the terms of the agreement in good faith.

20. IPI has failed to pay amounts owed under the agreement in the amount of at least $86,000.00.

21. The consultancy agreement contains an arbitration provision.

22. Tang's Corporation has demanded arbitration but IPI has ignored these demands.

23. Section 4 of the Federal Arbitration Act ("FAA") provides that

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action . . . of the subject matter of a suit arising out of the controversy between the parties, <u>for an order directing that such arbitration proceed in the manner provided for in such agreement</u>.

*Geographic Expeditions, Inc., v. Estate of Jason Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) citing 9 U.S.C. §4, emphasis added. The FAA further provides that "The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. §4.

## **Prayer for Relief**

WHEREFORE, Petitioner / Plaintiff Tang's Corporation complains and petitions this Court for the following relief:

1. For an award of actual damages in favor of Tang's Corporation and against IPI under the first agreement in an amount to be proven at trial;

2. For an award of consequential damages in favor of Tang's Corporation and against IPI related to the first agreement in an amount to be proven at trial;

3. For an order directing IPI to take possession of the property stored by Tang's Corporation or to otherwise provide for the property's disposal;

4. For a mechanic's lien in favor of Tang's Corporation to attach to the real property on which Tang's Corporation provided services under the first agreement;

5. For an order directing foreclosure of the mechanic's lien;

6. For an order directing that the real property be sold in accordance with law, and that the proceeds be distributed to Tang's Corporation;

7. For an order directing that all persons or entities claiming an interest in the property subordinate to the mechanic's lien be barred and foreclosed of all right, title, claim, or interest in the real property;

8. For an order that Tang's may be a purchaser at any sale of the property, and that any purchaser

be given possession of the property;

9. For an award of pre and post-judgment interest as may be allowed by law or contract;

10. For an award of attorney's fees as may be allowed by law or contract;

11. In accordance with 9 U.S.C. §4, an order directing IPI to proceed with arbitration with Tang's Corporation under the second agreement; and

12. For such other and further relief as this Court deems just and equitable.

Respectfully submitted this 12th day of May, 2020.

_____
MARK A. SCOGGINS
Attorney for Tang's Corporation