FILED
Clerk
District Court
JUL 15 2021
for the Northern Mariana Islands
By________________________
(Deputy Clerk)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

TANG'S CORPORATION,

Plaintiff,

vs.

IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,

Defendant.

Case No.:1-20-cv-00006

**MEMORANDUM DECISION DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE, SUMMARY JUDGMENT**

Before the Court is Defendant Imperial Pacific International (CNMI), LLC's ("IPI") motion for judgment on the pleadings, or in the alternative, summary judgment (ECF No. 38). The matter was fully briefed and came on for a hearing on May 5, 2021, at which time the Court DENIED IPI's motion for judgment on the pleadings and DENIED IPI's alternative motion for summary judgment. The Court now issues this written decision memorializing its reasoning.

## I. BACKGROUND

Tang's filed its second amended complaint on December 18, 2020, alleging two causes of actions: (1) breach of contract, or alternatively, unjust enrichment of the "First Agreement" relating to construction debris removal and storage (hereinafter "Debris Storage[1] Agreement"), and (2) breach of contract, or alternatively, unjust enrichment of a "Second Agreement" regarding consulting services

[1] Counsel for Tang's at the motion hearing clarified that any agreement with IPI was for the storage of construction debris, and that any damages Tang's seeks relates to storage only. The Court will therefore refer to the agreement as the Debris Storage Agreement.

for fire suppression systems (hereinafter "Consulting Agreement"). (Second Amended Complaint "SAC," ECF No. 17.) IPI filed an answer to the Second Amended Complaint, alleging affirmative defenses. (Answer to SAC, ECF No. 18.)

Pursuant to the Scheduling Order in this matter, discovery closed on March 25, 2021. (Scheduling Order, ECF No. 14.) By this deadline—and even to date—IPI did not seek *any* discovery against Tang's, and Tang's did not tender any discoverable materials to IPI. Tang's discovery undertaking was also minimal. Tang's only propounded interrogatories to IPI (*see* ECF No. 27-1), whose conclusory and vague responses later became the subject of a motion to compel (ECF No. 27). Neither party conducted any depositions.

After IPI's then-attorney George Hasselback withdrew and new counsel appeared for the matter, IPI filed a motion for judgment on the pleadings, or alternatively, summary judgment on April 1, 2021. (Notice of Motion, ECF No. 38; Memo in Support of Motion ("Mot."), ECF No. 38-1.) IPI's motion is supported by the declaration of IPI's Senior Manager of Property Management, How Yo Chi (Chi Decl., ECF No. 38-2); a copy of the Consulting Agreement (ECF No. 38-3); and a copy of the invoice that Tang's sent to IPI for payment pursuant to the Consulting Agreement (ECF No. 38-4). Tang's timely filed an opposition ("Opp'n", ECF No. 41), supported by the declaration of Tang's president, Ting Jiang (Kevin) Tang (Tang Decl., ECF No. 41-1), along with a picture of materials stored at Marpi (Ex. A, ECF No 42). IPI timely filed a reply. (Reply, ECF No. 43). The matter was heard on May 5, 2021 (*see* Min., ECF No. 46), during which time the Court denied IPI's motion for judgment on the pleadings and alternative motion for summary judgment for the following reasons.

## II. MOTION FOR JUDGMENT ON THE PLEADINGS

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). The standard for reviewing a 12(c) motion for judgment on the pleadings is "substantially identical" to the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). The court must accept the factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Fleming*, 581 F.3d at 925. However, conclusory allegations and "formulaic recitations of the elements of a cause of action" are insufficient to state a plausible claim. *Chavez*, 683 F.3d at 1108 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

"[J]udgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989); *see* Fed. R. Civ. P. 12(d). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (reviewing a Rule 12(b)(6) motion).

**B. Discussion**

IPI argues that it should be entitled to judgment on the pleadings because Tang's "threadbare allegations" in its second amended complaint fail to state a claim upon which relief can be granted. (Mot. at 6.) As to the Debris Storage Agreement, IPI argues that Tang's allegations fail to allege who negotiated and entered into the contract, when it was entered into, what performance it required, for what price, and whether it was oral or written for purposes of existence of a contract. (*Id*. at 7-9). IPI also argues that Tang's fails to allege what performance Tang's undertook, how IPI failed to perform, and how Tang's was damaged. (*Id*.) As to the Consultancy Agreement, IPI argues that Tang's likewise fails to indicate the parties, terms, rights and obligations of the parties; fails to indicate what Tang's performed; and fails to indicate how IPI breached the agreement other than a vague reference to non-payment of $86,000. (*Id*. at 9.)

In opposition, Tang's argues that it does state a claim because Rule 8 only requires a "short and plain statement." (Opp'n at 2-4; *see* Fed. R. Civ. P. 8(a)(2) (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief.")). Alternatively, Tang's argues that if the Court does dismiss its second amended complaint, then Tang's should be permitted leave to amend the complaint. (Opp'n at 4-5.)

Having thoroughly read Tang's four-page complaint, the Court agrees with IPI that Tang's second amended complaint is generally very barebone, and specific allegations in the complaint are conclusory. Despite how threadbare the allegations are, the Court nonetheless finds that Tang's factual allegations do state claims for breaches of contracts upon which relief can be granted. Establishing a claim for breach of contract in the CNMI requires demonstrating: "(1) the existence of a valid contract;

(2) the breach of an obligation imposed under the contract; and (3) damage to the plaintiff resulting from the breach." *Pac. Rim Land Dev., LLC v. Imperial Pac. Int'l (CNMI), LLC*, No.:19-cv-00016, 2020 WL 1942454, at *5 (D. N. Mar. I. April 23, 2020). Tang's complaint barely does just that.

As to the Debris Storage Agreement, Tang's alleges that an agreement was made between Tang's and IPI in approximately January of 2016 for the removal[2] of construction debris and landfill from IPI's resort construction site and for the storage of those material, that Tang's performed under the agreement in good faith, and that IPI breached by failing to pay the amount of at least $144,623.52 to Tang's damage. (SAC ¶¶ 15-23). Likewise, as to the Consultancy Agreement, Tang's alleges a contract made in approximately November 2018 between Tang's and IPI for performance of consulting services related to fire suppression systems at IPI's resort site, that Tang's performed in good faith under the terms of the agreement, and that IPI breached by failing to pay at least $86,000 under the agreement. (*Id*. ¶¶ 24-31.) These allegations contain the approximate dates of the contracts, the parties involved, what general types of services were rendered under the contract, and how IPI breached by not paying under the agreements. These are "short and plain" statements that do put IPI on notice of what it would be liable for, and therefore Tang's does state a claim upon which relief may be granted. That Tang's does not include every third-party to the contracts does not render the pleading insufficient. Because the facts on the complaint must be accepted as true and in favor of the non-

---

[2] While counsel for Tang's later clarified that IPI agreed to be responsible for storage and not removal, for purposes of this motion, we accept Tang's allegations as true.

moving party, Tang's allegations plausibly establish the essential facts to its claims regarding whether IPI breached the two contracts. IPI's motion for judgment on the pleadings is therefore denied.

## III. MOTION FOR SUMMARY JUDGMENT

### A. Legal Standard

A court must grant summary judgment on a claim or defense—or part of each claim or defense—if there is no genuine issue of material fact for trial and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movants must support their position that a material fact is or is not genuinely disputed by either "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials"; or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). "If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Nissan Fire & Marin Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 109, 1103 (9th Cir. 2000).

When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). An issue is "genuine" if a reasonable jury could return a verdict in favor of the non-moving party on the evidence presented; a mere "scintilla of

evidence" is not sufficient. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.* The court views the evidence in the light most favorable to the non-moving party and draws "all justifiable inferences" in that party's favor. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)). Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (quoting *Angel v. Seattle–First Nat'l Bank*, 653 F.2d 1293, 1299 (9th Cir. 1981)).

**B. Discussion**

IPI alternatively argues that summary judgment should be granted in its favor because Tang's has failed to create a genuine issue of material fact as to its entitlement to relief. (Mot. at 15). As to the Debris Storage Agreement, IPI argues that Tang's did not and cannot produce any admissible evidence including "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" to support that (1) there was a valid and enforceable contract[3] and (2) that Tang's performed. (Mot. at 7, 11; Fed. R. Civ. P. 56(c)(1)). Furthermore, IPI argues that Tang's has failed to alternatively demonstrate that IPI was unjustly enriched by any activity of the Plaintiff. (Mot. at 7.)

[3] IPI also argues in its motion that the Debris Storage Agreement was void and barred by the Statute of Frauds since it was not completed within a year (Mot. at 13-14), but thereafter withdrew its Statute of Frauds argument for purposes of summary judgment (Reply at 9). The Court therefore need not address this issue.

On a motion for summary judgment, the movant may support its assertion that a fact cannot be or is not genuinely disputed by showing "that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). IPI's motion attempts to do just that by pointing to Tang's failure to come up with admissible evidence. However, the Court highlights that the procedural posture of this case is odd, in that barely any discovery was conducted in this case. On the part of IPI, IPI made *no* efforts for discovery at all and did not conduct any depositions or propound any discovery requests on Tang's. For IPI to make no efforts to seek evidence and then point to Tang's lack of evidence is bad faith, and the Court cannot award such conduct.

Moreover, the Court finds that Tang's does satisfy its burden in presenting specific facts to show that there is a genuine dispute of material facts for trial. IPI argues that there was no valid and enforceable contract regarding debris storage because it was not a party to the agreement, never agreed to the terms of the agreement, and has no knowledge of the purported terms or conditions of the agreement. (Mot. at 2; Chi Decl. ¶ 4.) Moreover, the purported contract is unenforceable because the parties never came to an agreement with essential terms, and the contract is indefinite. (Mot. at 12-13). In response, Tang's cites to Kevin Tang's declaration detailing that: Tang's Corporation entered into an oral agreement with IPI in January 2016 for the storage of construction materials ("boulders") and mixed metals; pursuant to the agreement, MCC agreed to be responsible for the costs of actual removal[4], while IPI agreed to be responsible for preparing the necessary permits, government storage

[4] To the extent that this third-party is involved, counsel for Tang's clarified at the motion hearing that Tang's does not seek any costs for the removal of the construction materials and that the amount specified in the complaint is for storage fees only.

fees, management fees, and associated costs; the agreement was for the materials to be moved to Marpi Land Fill temporarily and for IPI to identify private property for the materials to be more permanently stored at; and the project was to take no more than six to eight months. (Tang Decl. ¶¶ 2-3, 5; *see also* Opp'n at 6-7.) Furthermore, even though a written version of the agreement was prepared and not signed, IPI understood the terms of the agreement and directed Tang's to perform. (*Id.* ¶ 6; *see also Restatement (Second) of Contracts* § 27 ("Manifestations of assent that are in themselves sufficient to conclude a contract will not be prevented from so operating by the fact that the parties also manifest an intention to prepare and adopt a written memorial thereof").) Accordingly, while the declaration could have been much more detailed, Tang's does point to admissible facts demonstrating a genuine dispute of material fact as to whether a valid and enforceable contract was formed.

In response to IPI's argument that there is a lack of evidence demonstrating Tang's performance, Tang's also cites to Kevin Tang's declaration stating that Tang's worked with the Department of Public Lands to allow storage of construction materials and debris at the Marpi Land Fill, actually moved the materials to Marpi, and performed the work as agreed. (Tang Decl. ¶ 4, 6.) An exhibit was also attached allegedly showing storage of materials at the Marpi Land Fill (Ex. A, ECF No. 42.) Thus, a reasonable jury could find in favor of Tang's that it performed under the purported Debris Storage Agreement.

As to the Consultancy Agreement, IPI argues that Tang's has proffered no proof of its performance or that it was damaged, and that Tang's has failed to demonstrate that IPI was enriched in any way. (Mot. at 7, 17-18). IPI included a copy of the Consultancy Agreement, which shows a written contract between IPI, Tang's, and Winzy Corporation. (ECF No. 38-3.) Under the contract,

Tang's was in charge of overall coordination and work with the fire department and other agencies, in a role Tang's describes as "general contractor," while Winzy was to provide the technical supervision for the fire suppression system installations on the IPI resort site. (*Id.*) The contract was to be completed in two phases: with phase I costing $94,700 and phase II costing $77,700 to IPI for Tang's work. (*Id.*) Tang's was to be paid 50 percent for each phase upon signing the contract, and the balance upon completion of each phase. (*Id.*) In refuting IPI's argument that it has no proof that it performed or that it was damaged, Tang's points to Kevin Tang's declaration stating that Tang's performed its role pursuant to the contract, got the project permitted, and worked with the Fire Department in completing its services, but then was only paid half for its services. (Tang Decl. ¶ 10, 11.) Again, while the Court notes that the facts could have been more detailed in the SAC, a reasonable jury could nonetheless find in favor of Tang's when construing evidence in light most favorable to Tang's. Given that a genuine dispute of material facts exists, the Court denies IPI's alternative motion for summary judgment.

Furthermore, given Tang's concession that other parties were involved in the contracts, such as MCC and Winzy, another amendment to the complaint would resolve any possible confusion over responsiblities. For this reason, the Court granted Tang's oral motion to amend its complaint to provide more details and correct its pleadings' factual allegations for the same causes of actions.

**C. Mechanic's Lien**

To the extent that IPI argues that summary judgment should be granted in its favor on Tang's request for a mechanic's lien for failure to comply with the statutory procedural requisites (Mot. at 18-20), Tang's concedes that it has not yet complied with the statute but argues that it should not be

foreclosed from filing an application for a mechanic's lien in the future (Opp'n at 12). It argues that it has not yet filed a notice of completion because materials are still being stored; however, it could still file a notice of abandonment in the future. (Opp'n at 12.)

The Court agrees that Tang's has not yet complied with the CNMI statutory requirements for a mechanic's lien. *See* 4 CMC §§ 5801 *et. seq*. Because this issue is not ripe, Tang's claim for a mechanic's lien is dismissed without prejudice.

## IV. SCHEDULING ORDER

In an attempt to save time and costs, both parties' counsel have done minimal work such that the pleadings are broad, discovery is wholly inadequate, and evidence that has been in the hands of the parties since the case's inception nearly a year ago are barely coming to light three weeks before trial. For those reasons, the Court finds that there is good cause for modifying the Scheduling Order so that the parties can truly have a trial on the merits. *See* Fed. R. Civ. P. 16(b)(4). The Court therefore vacates the May 25, 2021 trial date and all other deadlines and dates on the Scheduling Order (ECF No. 14).

## V. CONCLUSION

For the foregoing reasons, the Court orders as follows:

(1) IPI's motion for judgment on the pleadings is DENIED;

(2) IPI's alternative motion for summary judgment is DENIED;

(3) Tang's claim for a mechanic's lien is DISMISSED WITHOUT PREJUDICE;

(4) All remaining dates and deadlines in the Scheduling Order (ECF No. 14), including the May 25, 2021 trial date, are VACATED;

(5) All remaining dates and deadlines pursuant to the Order Re: Exchange of Settlement Statements (ECF No. 39) are vacated.

(6) Plaintiff Tang's Corporation shall file a third amended complaint no later than May 19, 2021.

IT IS SO ORDERED this July 15, 2021.

RAMONA V. MANGLONA
Chief Judge