FILED
Clerk
District Court

SEP 27 2021

for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| TANG'S CORPORATION,<br><br>        Plaintiff,<br><br>vs.<br><br>IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,<br><br>        Defendant. | Case No.:1-20-cv-00006<br><br>**DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS THIRD AMENDED COMPLAINT** |

Before the Court is Defendant Imperial Pacific International (CNMI), LLC's ("IPI") motion to dismiss Plaintiff Tang's Corporation's ("Tang's") third amended complaint. (Notice, ECF No. 51; Memo in Support of Mot, "Mot.", ECF No. 51-1.) Tang's filed an opposition (Opp'n, ECF No. 54), and IPI filed a reply (Reply, ECF No. 55). The matter came on for a hearing on July 15, 2021, during which time the Court took the matter under advisement. (Min., ECF No. 59.) Having reviewed the parties' written submissions and the controlling law, and having heard oral arguments from both counsel, the Court DENIES IPI's motion for the following reasons.

**I.        BACKGROUND**

Plaintiff Tang's Corporation filed a complaint on May 12, 2020 against IPI for (1) damages for breach of contract regarding debris removal and storage, and (2) for compelling arbitration pursuant to a consulting agreement. (Compl., ECF No. 1.) In response, IPI filed an answer. (ECF No. 5.) After IPI agreed to waive arbitration (*see* Min., ECF No. 10) and gave its written consent to permit Tang's to amend its pleading (*see* Written Consent, ECF No. 11), Plaintiff filed an amended complaint

on August 27, 2020 (First Amended Complaint "FAC," ECF No. 12).  IPI subsequently filed an answer to the first amended complaint.  (Answer to FAC, ECF No. 13.)  However, the Court later *sua sponte* dismissed the first amended complaint for lack of jurisdiction with leave to amend so that Tang's could adequately plead diversity jurisdiction.  (Min., ECF No. 16.)

On December 18, 2020, Tang's timely filed its second amended complaint alleging two causes of actions: (1) breach of contract, or alternatively, unjust enrichment of the "First Agreement" relating to construction debris removal and storage, and (2) breach of contract, or alternatively, unjust enrichment of a "Second Agreement" regarding consulting services for fire suppression systems. (Second Amended Complaint "SAC," ECF No. 17.)  IPI filed its answer to the Second Amended Complaint, alleging affirmative defenses such as failure to state a claim; failure to mitigate damages; statute of limitations; and release, waiver, estoppel, or laches. (Answer to SAC, ECF No. 18.)

The parties were to proceed with discovery in accordance with the scheduling order (ECF No. 14), but several months later, on April 1, 2021, IPI filed a motion for judgment on the pleadings, or alternatively, summary judgment.  (ECF Nos. 38, 38-1.) The matter was heard on May 5, 2021 (*see* Min., ECF No. 46), during which time the Court denied IPI's motion for judgment on the pleadings and alternative motion for summary judgment—the latter due to IPI's failure to conduct *any* discovery such that it could not in good faith point to a lack of genuine dispute of material fact. As to the former, given that Tang's second amended complaint only barely surpassed muster for stating a claim, and given that counsel for Tang's at the motion hearing clarified that any agreement with IPI was for the storage of construction debris only and references to removal related to non-party MCC, the Court ordered that Tang's file a third amended complaint no later than May 19, 2021. (*See id.*)

Tang's timely filed its third amended complaint, alleging more facts and alleging that (1) IPI breached an oral contract with Tang's regarding permitting, storage, management, and insurance of construction debris, or was alternatively unjustly enriched, and (2) IPI breached a written consulting services contract for fire suppression systems. ("TAC", ECF No. 47.) This time, Tang's also attached a copy of the Consultancy Agreement with its complaint. (Consultancy Agreement, ECF No. 48.) IPI then filed a motion to dismiss (ECF No. 51-1), to which Tang's filed an opposition (ECF No. 54) and IPI filed a reply (ECF No. 55).

## II.   LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court must take all factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). The factual allegations need not be detailed, but a plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Generally, when ruling on a 12(b)(6) motion, a court may consider only the pleadings and limited materials, such as "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). If a court considers other evidence, "it must normally convert the 12(b)(6) motion into a Rule

3

56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *Id.* at 907.

## III. DISCUSSION

### A. Breach of Contract of Construction Storage Agreement

IPI makes a multitude of arguments on why Tang's breach of contract claim regarding storage of construction materials fails. IPI argues that Tang's claim is not facially plausible and fails to state a claim for breach of contract given (1) inconsistencies between the TAC and earlier pleadings, (2) the lack of any logical or temporal coherence of the various arrangements that IPI alleged agreed to, and (3) the failure to include reasonably certain terms to form a valid, enforceable contract. (Mot. at 8–16). The Court will address each of these arguments in turn.

First, IPI argues that Tang's claim for breach of the oral contract regarding construction debris is implausible because the TAC introduces new allegations that contradict the first three complaints. (*Id*. at 9.) According to IPI, the prior pleadings concerned the removal, transportation, and storage of construction debris, but somehow shifted to a contract regarding permit fees, land use fees, management fees, and reimbursement for insurance costs. (*Id*. at 9.) Prior representations to the Court also concerned an agreement to store materials for six months, but the TAC alleges that IPI agreed to pay land use fees and monthly management fees for an entire year, which sounds inconceivable to IPI. (*Id*. at 10.) Tang's also previously mentioned a draft written version of the oral agreement, but here fails to mention the draft agreement or even attach it. (*Id*.) Finally, despite Tang's previously admitting that MCC was responsible for removal and transportation costs, Tang's fails to plead with precision in this TAC the contractual responsibilities between MCC and Tang's. (*Id*. at 10-11). Collectively,

4

according to IPI, these "mischievous maneuvering of the facts" and impermissible addition of new facts render implausible that any single, oral contract was ever entered between Tang's and IPI. (*Id.* at 11; Reply at 7.)

The Court agrees with IPI that later pleadings can only allege other facts consistent with prior pleadings. *See Reddy v. Litton Industries, Inc.*, 912 F.2d 291, 297 (9th Cir. 1990). However, the Court finds nothing inconsistent with the TAC's factual allegations and agrees with Tang's argument that the TAC merely sets forth a more complete set of facts. (*See* Opp'n at 2.) Tang's previous complaint alleged that "Tang's agreed to remove construction debris and landfill materials from IPI's resort construction site, and to store this material for disposal at IPI's expense." (SAC ¶ 15.) While the allegation should have been forthcoming from the start that the removal portion of the agreement pertained to third-party MCC and that only the storage portions pertained to IPI, the TAC is still consistent with the prior allegations. Specifically, the TAC sets forth that MCC and IPI, through Wu Li Wen, asked Tang's to move and store the construction pilings and mixed metals, but that MCC agreed to be responsible for the transportation fees while IPI agreed to be responsible for the storage. (TAC ¶¶ 18-20). That the TAC now explicitly spells out permitting, government land use fees, insurance, and management fees only details the type of fees related to storage and is not inconsistent with the prior complaints. (*See id*. ¶¶ 20, 27, 29, 31.)

Moreover, that IPI would only need storage for six months but agreed to pay for storage fees for one year is also conceivable, as some agreements, like rental or lease agreements, commonly require a minimum term of one year. IPI itself could have also contemplated delays and a need for a longer storage period such that it could have agreed to a longer period. The Court also concurs with

5

Tang's that it is under no obligation to mention the written version of the oral agreement, let alone attach the agreement to the complaint, in order to sufficiently state a claim. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (noting that under Rule 8(a)(2), "[s]pecific facts are not necessary" and the statement need only give defendant a fair notice of what the claim is and the grounds upon which it rests). IPI also cites to no authority requiring a party to attach a written agreement to its complaint in order to establish its claim.[1] While alleging such fact may have assisted in further support for Tang's claim, failure to allege that fact does not render the existence of a contract implausible, as IPI argues. (*See* Reply at 5.) Tang's also need not plead with greater precision in this TAC the contractual responsibilities between MCC and Tang's, as it already indicated that MCC agreed to the transportation fees which "are not a subject of this lawsuit." Why IPI believes that Tang's would need to plead more facts regarding MCC when MCC is not subject to this lawsuit is puzzling to the Court.

Additionally, the Court disagrees with IPI's contention that Tang's allegations logically cannot demonstrate the formation of a single, oral contract. (*See* Mot. at 12). Nothing in the allegations itself or Tang's opposition suggest that Tang's was intending to argue a single oral contract with all provisions agreed to simultaneously—whereby agreeing to the permit fees and land use fees at the exact same time would indeed be inconsistent. Rather, the TAC alleges that IPI through Wu Li Wen agreed to pay $15,000 to Tang's for preparation of the necessary permits for storage. (TAC ¶¶ 24-25). However, when Tang's proceeded to try to obtain the permits but learned that the permits could not

---

[1] Likewise, Tang's is under no obligation to attach its agreement with the CNMI Department of Public Lands in order to establish its claim for breach of contract.

be issued, Tang's then continued to negotiate with the CNMI Department of Public Lands, who agreed to permit storage at Marpi for the amount of $20,933.76 for up to a year. (*Id*. ¶ 27.) IPI through Wu Li Wen agreed to pay that amount, along with a $1,500 monthly management fee to Tang's, along with insurance. (*Id*. ¶¶ 28-32). The allegations instead suggest an oral contract that was modified based on changed circumstances, and as IPI concedes in its reply, contracts can be amended or changed. (*See* Reply at 3; *see also Matanuska Valley Farmers Coop. Ass'n v. Monaghan*, 188 F.2d 906, 910 (9th Cir. 1951) ("It is well established that parties to a contract can, by mutual agreement, modify or rescind a contract and adopt in its stead a new agreement.")). Under these facts, an oral contract appears plausible.

  Finally, IPI argues that Tang's claim for breach of contract fails because the TAC fails to allege reasonably certain contract terms for the separate arrangements individually and collectively, such as payment terms, deadlines for securing the permit, deadlines to pay Tang's management fees or pay the land use fees, which insurance company Tang's used, and/or the duration of the insurance coverage. (Mot. at 13-15.) The Court accords with IPI's statement of the law that under the Restatement (Second) of Contracts § 33 (1981), there is no mutual assent for a valid, enforceable contract "unless the terms of the contract are reasonably certain." However, at this pleadings stage, not all of the reasonable terms must be specifically alleged. *See Erickson,* 551 U.S. at 93 (noting that specific facts are not necessary). Whether there is an enforceable contract or not due to a lack of reasonably certain terms is to be determined later by the factfinder. At this stage, however, the question is whether Tang's sufficiently states a claim for breach of contract, which it does. Federal Rule of Civil Procedure 8 only requires notice pleading, not the heightened standard of fact pleading, which

7

IPI's motion in substance seems to elevate Tang's pleading to require.

A claim for breach of contract in the CNMI requires demonstrating: "(1) the existence of a valid contract; (2) the breach of an obligation imposed under the contract; and (3) damage to the plaintiff resulting from the breach." *Pacific Rim Land Development, LLC v. Imperial Pacific International (CNMI), LLC*, No.:19-cv-00016, 2020 WL 1942454, at *5 (D. N. Mar. I. Apr. 23, 2020). Tang's TAC alleges just that. First, it alleges an oral contract between IPI in late 2015 or early 2016, through its representative Wu Li Wen, and Tang's for permitting as well as land use, management, and insurance fees for storage of IPI's construction debris. (*Id*. ¶¶ 24-25, 28-32). Second, the complaint alleges that IPI breached by failing to pay and continuing to keep its materials stored at Marpi at Tang's expense. (*Id.* ¶¶ 36-39.) Third, the TAC alleges that because of IPI's breach, Tang's has incurred damages in the amount of at least $160,000. (*Id*. ¶ 46.) These allegations contain the approximate date of the contract, parties involved, what general types of services were to be rendered under the contract and for how much, and how IPI breached by non-payment. These are more than just "short and plain" statements and they do put IPI on notice of what it would be liable for, and therefore Tang's does state a claim upon which relief may be granted.

**B. Unjust Enrichment**

Next, IPI also argues that Tang's fails to establish its alternative theory of unjust enrichment, because given the inconsistences and failure to delineate the relationship between Tang's and MCC, and Tang's and IPI, it is equally plausible that Tang's work benefitted MCC and not IPI. (Mot. at 16-17). The Court finds this argument unpersuasive. Tang's claim for unjust enrichment are clearly

directed at "storage services and incurred related expenses for IPI's benefit" and not for the transportation fees that MCC agreed to and which "are not a subject of this lawsuit." (*See* TAC ¶¶ 19, 43.) IPI's motion misses an entirely important point—that the Court must take all factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Knievel,* 393 F.3d at 1072.

Moreover, to establish a claim for unjust enrichment, "a claimant must show: (1) the defendant was enriched; (2) the enrichment came at the plaintiff's expense; and (3) equity and good conscience militate against permitting the defendant to retain what the plaintiff seeks to recover.*" Saipan Air, Inc. v. Stukes*, No. 1:12-CV-00015, 2014 WL 6978488, at *14 (D. N. Mar. I. Dec. 8, 2014) (quoting *Syed v. Mobil Oil Mariana Islands, Inc.*, 2012 MP 20 ¶ 41, 2012 WL 6738436, at *9 (N. Mar. I. Dec. 31, 2012)). Tang's TAC alleges that storage services and related expenses have been incurred for IPI's benefit, at the expense of Tang's; that IPI should not be permitted to retain those benefits from Tang's without compensating Tang's; and that Tang's has incurred damages of at least $160,000. (TAC ¶¶ 43-46.) The Court concludes that these allegations sufficiently state a claim for unjust enrichment and sufficiently put IPI on notice of the claim.

### C. Breach of Contract of Consultancy Agreement

Finally, IPI argues that Tang's breach of contract claim regarding the Consultancy Agreement fails because Tang's failed to plead that it met the contractually stated deadlines for the two phases of the contract, which are February 18, 2019 and March 18, 2019. (Mot. at 17-18; Reply at 9-10; Consultancy Agreement at 6.) IPI accordingly argues that Tang's fails to state a claim for breach of contract given its failure to allege that it satisfied the condition precedent of *timely* and full

performance. In response, Tang's argues that it did sufficiently plead what performance was required, and that it did plead how it fully performed and fulfilled its obligations under its contract. (*See* Opp'n at 6).

In the TAC, Tang's pleads that its scope of work was set forth in Appendix A of the Consultancy Agreement, and the "agreement required Tang's to hire[] qualified contractors and coordinate with government agencies, review contractor proposals and scopes of work, serve as the representative of IPI, provide management and supervision of the contract, and review documentation necessary for licensing." TAC ¶¶ 51-52; *see* Consultancy Agreement at 5; *Ritchie*, 342 F.3d at 908 (permitting a court to consider documents attached to the complaint or incorporated by reference without converting the motion to a summary judgment motion). Tang's pleads that it "fully performed all of its obligations specified in the agreement." (TAC ¶ 56.) "In particular Tang's hired qualified contractors and coordinated with government agencies, reviewed contractor proposals and scopes of work, served as the representative of the [sic] IPI, to provided management and supervision of the contract, and to helped [sic] obtain licensing." *Id*. The Court cannot see how this is insufficient in alleging performance, as Tang's details exactly what tasks it performed to fulfill its obligations.

Furthermore, condition precedents only need to be alleged generally. *See* Fed. R. Civ. P. 9(c) ("In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed."). If IPI has issues regarding the timeliness of Tang's performance, then it would need to deny with particularity that the condition precedent was not met (*see id*.) or raise defenses. Tang's failure to allege that it timely performed, however, is not "fatal" to its claim for breach of contract at this pleadings stage. (*See* Mot. at 5.)

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES IPI's motion to dismiss Tang's Third Amended Complaint.

IT IS SO ORDERED this 27th day of September, 2021.

                                                   /s/ Ramona V. Manglona

                                                   RAMONA V. MANGLONA
                                                   Chief Judge