Joey P. San Nicolas
SAN NICOLAS LAW OFFICE, LLC
P.O. Box 10001 PMB 602
Saipan, MP 96950
Telephone: (670) 234-7659
Facsimile: (670) 234-9218
jpsn@sannicolaslaw.net

Kevin T. Abikoff (*Pro Hac Vice*)
Samuel W. Salyer (*Pro Hac Vice*)
HUGHES HUBBARD & REED LLP
1775 I St. N.W.
Washington, D.C. 20006
Telephone: (202) 721-4600
Facsimile: (202) 721-4646
kevin.abikoff@hugheshubbard.com
samuel.salyer@hugheshubbard.com

*Attorneys for Defendant Imperial Pacific International (CNMI), LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| TANG'S COPRORATION, <br><br> Plaintiff, <br><br> v. <br><br> IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC, <br><br> Defendant. | CIVIL CASE NO. 1:20-CV-00006 <br><br> **PETITION FOR COSTS AND ATTORNEYS' FEES** |

On August 16, 2022, the Court granted Defendant Imperial Pacific International (CNMI), LLC's ("IPI") motion to compel against Plaintiff Tang's Corporation ("Tang's), including reasonable fees and costs incurred in moving to compel. As part of its ruling, the Court ordered IPI to submit a fee petition no later than August 30, 2022. Through this fee petition, IPI requests that the Court award $3,985 in attorneys' fees, as outlined below.

## I.    PROCEDURAL BACKGROUND

On March 30, 2022, IPI served discovery requests on Tang's, including: (i) Defendant's First Set of Requests for Production, (ii) Defendant's First Set of Interrogatories, and (iii) Notice of Deposition of Tang's Corporation Pursuant to Fed. R. Civ. P. 30(b)(6). *See* Declaration of Samuel W. Salyer in Support of Petition for Attorneys' Fees and Costs ("Salyer Decl.") at ¶¶2-4. On May 19, 2022, Tang's served (i) Plaintiff's Responses to Interrogatories, and (ii) Plaintiff's Responses to Request for Production. *See id.* at ¶¶5-6. On May 26, 2022, Tang's provided IPI with 446 pages of non-Bates stamped electronic documents constituting its discovery production. *See id.* at ¶7. On June 6, 2022, IPI conducted a 30(b)(6) deposition of Tang's on June 6, 2022. *See id.* at ¶8. The deponent, Kevin Tang, made reference to several documents that had not been produced as part of Tang's discovery production. Counsel for Tang's provided counsel for IPI with a copy of one of these documents during a break in the deposition. *See id.*

On June 8, 2022, IPI notified Tang's that, based on the 30(b)(6) deposition testimony, IPI believed Tang's discovery productions were deficient in several ways. IPI noted that the fact discovery motions deadline was approaching, and proposed that the parties stipulate to extend that deadline to allow Tang's additional time to provide the responsive documents. *See id.* at ¶9. On

June 13, 2022, IPI again proposed to extend the fact discovery motions deadline to June 29, 2022. *See id* at ¶10. Tang's agreed, and the Court granted the parties' stipulation, entering the Second Amended Scheduling Order. ECF 81, 82.

Having received no production from Tang's, on June 23, 2022, IPI contacted Tang's and requested to meet and confer in advance of the June 29, 2022, fact discovery motions deadline. *See id* at ¶11. On June 28, 2022, the parties met and conferred regarding IPI's requests for discovery production. Counsel for Tang's stated that he had no objections to IPI's requests. *See id* at ¶12. The parties stipulated to further extend the fact discovery motions deadline to allow additional time for Tang's to respond to discovery. ECF 83. The Court granted this stipulation and entered the Third Amended Scheduling Order on June 30, 2022. ECF 84.

On July 8, 2022, still having received no further documents, IPI contacted Tang's to inquire about the status of the production, and noted that it would preserve its rights by filing a motion to compel if had not received the requested responsive materials (or if the parties had not agreed to an extension) by July 13, 2022. *See id* at ¶13. On July 12, 2022, IPI again contacted Tang's, stating that IPI intended to move to compel if it did not receive the discovery production by the following day. *See id* at ¶14. On July 13, 2022, counsel for IPI and Tang's again met and conferred. Following this conversation, Tang's produced one document totaling eight pages. *See id* at ¶16.

On August 16, 2022, the Court held a hearing at which it granted IPI's motion to compel and ordered IPI to submit a fee by no later than August 30, 2022. ECF 92.

II.     **LEGAL STANDARD**

If a motion to compel is granted, the district court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney

2

advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

Once a court has determined that attorneys' fees and costs should be awarded, it determines the reasonableness of the proposed amounts in a two-step process. First, the court calculates the attorneys' fees using the lodestar method, multiplying the number of hours reasonably expended by the party by a reasonable hourly rate. *See Morales v. City of San Rafael*, 96 F.3d 359, 363-64 (9th Cir. 1996). To determine if the rate is reasonable, the court must identify the prevailing hourly rate for the relevant community. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). Generally, the relevant community is the forum in which the district court sits, though a court may rely on prevailing rates from outside the forum if local counsel is unable or unwilling to perform. *Id.* Once the relevant community is determined, the court then determines the appropriate rate for the attorney by looking to "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Id.* The burden is on the party requesting the fees to provide satisfactory evidence of the prevailing market rate. *Id.* at 980 (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). After calculating the lodestar rate, the court may assess whether to adjust it up or down based on other considerations, though only in rare cases should the rate be adjusted. *Morales*, 96 F.3d 363-64.

To determine the reasonableness of the hours worked, the court will require that the party requesting fees prove that it exercised billing judgment for the hours billed. *Vogel v. Harbor Plaza Center, LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018). The court should exclude "hours that are not reasonably expended because they are excessive, redundant or otherwise unnecessary." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000 (internal citations

3

omitted). The party opposing the fee application has the burden to rebut the fee application though "submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cit. 1992). The time spent establishing the right to and amount of the fee should be included in the lodestar calculation. *Camacho*, 523 F.3d at 981. This Court has also concluded that "efforts to obtain discovery required under Rule 37(a)(1) are part of bringing a motion to compel discovery, and therefore expenses incurred trying to resolve discovery disputes prior to filing the motion will be included in calculating a fee award under Rule 37(a)(5)(A)." *Wang et al. v. Gold Mantis Construction Decoration (CNMI), LLC*, Order Granting Pls.' Att'ys' Fees and Costs for Countermotion to Compel Disc., 1:18-cv-00030, (D. N. Mar. I. May 5, 2020) ECF 106 at *11.

**III.   ARGUMENT**

    *A.*     <u>Reasonable Hourly Rate</u>

For this matter, the relevant community is the forum in which the district court sits—the CNMI. Particularly given the small size of the legal community in the CNMI, reasonable hourly rates may be proved by reference to other fee awards and the district court may rely on its own knowledge and experience regarding hourly rates. *See Sam K. ex rel Diane C. v. Hawaii Dept. of Educ.*, 788 F.3d 1033, 1041 (9th Cir. 2015) (internal citations omitted).

Mr. Salyer has practiced for over nine years and has unique experience that qualifies him to represent IPI, a domestic entity that is wholly owned by a foreign entity, in this and other matters. *See* Salyer Decl. ¶¶17-20. He has experience practicing in China, France, and the United States, and has represented international clients—including clients without significant experience with the

4

U.S. legal system—in complex matters involving U.S. courts and U.S. regulators. *Id.* While Mr. Salyer bills and receives payment at an hourly rate that exceeds the rates typically charged in the CNMI, for the purpose of this fee application IPI requests an hourly rate of $225 for Mr. Salyer. This rate is reasonable given Mr. Salyer's experience representing international clients, as well as the rates awarded by this Court to other attorneys with similar levels of experience. *See, e.g.*, *Xuan v. Joo Yeon Corp. and Se Young Corp.*, 1:12-cv-00032 (D. N. Mar. I. Jan. 27, 2017), ECF No. 226 (awarding $250 per hour to attorneys with over 15 years' experience and $175 per hour to attorney with six years' experience in CNMI, and referencing declaration by David Banes that his firm's billable rate for associates is from $175 to $250 per hour).

Mr. San Nicolas has practiced for nearly 18 years in the CNMI. His hourly rate is $250, which is reasonable given his experience and the fees awarded by this Court to other attorneys with similar levels of experience. *See id.*

B.  *Reasonable Hours*.

Defendant requests a fee award for 16.6 hours performed by Mr. Salyer. These hours were reasonably expended as part of IPI's efforts to compel Tang's to respond to discovery requests and reflect the exercise of billing judgment. The hours spent by Mr. Salyer are supported by Mr. Salyer's Declaration, including contemporaneous time records in increments of one-tenth of an hour, with clear descriptions of the work performed. *See* Salyer Decl. ¶21. In addition, Plaintiff request compensation for 1.0 hours performed by Mr. San Nicolas in attending the hearing on the motion to compel.

As detailed above, IPI's was required to communicate with Tang's on multiple occasions regarding its deficient discovery production, to draft and file multiple motions for extensions to

5

allow Tang's additional time to fulfill its discovery obligations, and to prepare a motion to compel discovery, including an attorney declaration. In an effort to avoid duplicative and unnecessary fees and costs, Mr. Salyer performed these tasks with Mr. San Nicolas's efforts limited to advice regarding strategy and local practice, as well as attending the hearing on the motion to compel. The limited time spent on this matter by co-counsel Kevin Abikoff and prior counsel J. Chesley Burruss has been entirely written off.

A table showing the total calculation of fees requested by IPI is below:

| Attorney | Rate | Hours | Total |
|---|---|---|---|
| Samuel W. Salyer | $225 | 16.6 | $3,735 |
| Joey P. San Nicolas | $250 | 1 | $250 |

### IV. CONCLUSION

In conclusion, IPI requests $3,985 in attorneys' fees as a reasonable award for the time incurred in connection with its successful motion to compel.

Respectfully submitted this 30th day of August 2022.

                                                  /s/
                               Samuel W. Salyer (*Pro Hac Vice*)
                               Kevin T. Abikoff (*Pro Hac Vice*)
                               HUGHES HUBBARD & REED LLP
                               1775 I St. N.W.
                               Washington, D.C. 20006

                               Joey P. San Nicolas
                               SAN NICOLAS LAW OFFICE, LLC
                               P.O. Box 10001 PMB 602
                               Saipan, MP 96950

                               *Attorneys for Defendant Imperial Pacific International (CNMI), LLC*