Joey P. San Nicolas
SAN NICOLAS LAW OFFICE, LLC
P.O. Box 10001 PMB 602
Saipan, MP 96950
Telephone: (670) 234-7659
Facsimile: (670) 234-9218
jpsn@sannicolaslaw.net

Kevin T. Abikoff (*Pro Hac Vice*)
Samuel W. Salyer (*Pro Hac Vice*)
HUGHES HUBBARD & REED LLP
1775 I St. N.W.
Washington, D.C. 20006
Telephone: (202) 721-4600
Facsimile: (202) 721-4646
kevin.abikoff@hugheshubbard.com
samuel.salyer@hugheshubbard.com

*Attorneys for Defendant Imperial Pacific International (CNMI), LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| TANG'S COPRORATION,<br><br>     Plaintiff,<br><br>v.<br><br>IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,<br><br>     Defendant. | CIVIL CASE NO.  1:20-CV-00006<br><br>**DECLARATION OF SAMUEL W. SALYER IN SUPPORT OF PETITION FOR ATTORNEYS' FEES AND COSTS** |

I, Samuel W. Salyer, do hereby declare as follows:

1. I am Counsel for Defendant Imperial Pacific International (CNMI), LLC ("IPI") in this matter and I have personal knowledge of the subject matter of this declaration.

Procedural Background

2. On March 30, 2022, IPI served Tang's with Defendant's First Set of Requests for Production, including 16 requests.

3. Also on March 30, 2022, IPI served Tang's with Defendant's First Set of Interrogatories, including ten interrogatories.

4. Also on March 30, 2022, IPI served Tang's with a Notice of Deposition to Tang's Corporation Pursuant to Fed. R. Civ. P. 30(b)(6), providing notice to Tang's that IPI would take the deposition pursuant to Federal Rule of Civil Procedure 30(b)(6).

5. On May 19, 2022, Tang's served IPI with Plaintiff's Responses to Request for Production, providing written responses to IPI's requests.

6. Also on May 19, 2022, Tang's served IPI with Plaintiff's Responses to Interrogatories, providing responses to IPI's interrogatories.

7. On May 26, 2022, Tang's provided IPI with electronic copies of 446 pages of documents which constituted its initial document production in this matter.

8. On June 6, 2022, IPI conducted a 30(b)(6) deposition of Kevin Tang, the authorized representative for Tang's. During the course of this declaration, Mr. Tang made references to several documents that were not part of Tang's document production, including an alleged draft agreement between Tang's and IPI, a contract between Tang's and MCC, various reports prepared by Tang's and Winzy, and "hundreds or thousands" of emails between Tang's and Winzy. During the deposition I requested that Tang's provided IPI with copies of several of these documents. During a break in the deposition, Tang's counsel emailed me a copy of one of these documents—the alleged draft agreement between IPI and Tang's.

9. On June 8, 2022, I emailed Tang's counsel identifying three areas in which Tang's document production and interrogatory responses appeared to be deficient.

10. On June 13, 2022, I emailed Tang's counsel attaching a proposed stipulation to extend the fact discovery motions deadline in order to allow Tang's additional time to produce the responsive documents.

11. On June 23, 2022, I emailed Tang's counsel regarding the status of the production and to request that we meet and confer regarding the matter.

12. On June 28, 2022, I spoke with Tang's counsel regarding IPI's discovery requests. During this call he informed me that he had no objections to the three areas in which IPI believed Tang's production was insufficient and had requested additional documents. During this call we agreed to extend the fact discovery motions deadline to allow Tang's additional time to produce the responsive documents.

13. On July 8, 2022, I emailed Tang's counsel regarding the status of the production.

14. On July 12, 2022, I emailed Tang's counsel stating that IPI intended to move to compel production if Tang's did not produce the responsive documents by July 13, 2022—the fact discovery motions deadline.

15. On July 13, 2022, I spoke with Tang's counsel. During this conversation he stated that his client believed that some responsive documents might have been destroyed in a fire that took place several years prior.

16. After this conversation, on July 13, 2022, Tang's counsel emailed me one document totaling eight pages.

Professional Experience

17. I graduated from Columbia University Law School in May 2013, where I received academic honors, was an Editor of the Moot Court program, and served as Notes and Submissions Editor of the *Human Rights Law Review*.

18. I am barred in the State of New York and in the District of Columbia.

19. I joined Hughes Hubbard & Reed LLP ("HHR") in Washington D.C. in 2013. I remained based in HHR's Washington D.C. office until September 2015, when I moved to Beijing, China, where I practiced as a member of the Disputes Resolution practice group at Jun He Law Offices. In January 2016, I joined the HHR office in Paris, France, where I practiced for the next several years. In September 2019, I returned to HHR's Washington D.C. office, where I have practiced since.

20. During my time spent working in Washington D.C., Beijing, and Paris, I have frequently represented Chinese companies involved in complex litigation or regulatory compliance matters involving U.S. courts, and U.S. or international regulators. In addition to assisting these companies in defending themselves in court, in front of international tribunals, or through interactions with regulators, these representations also frequently involve helping my clients to understand the requirements and expectations of U.S. courts and regulators. My experience living and working in China, as well as working with Chinese companies operating throughout the world, allows me to identify where my clients either do not understand or have differing expectations regarding the U.S. legal system, and to communicate with them regarding how to achieve their business goals while working within the strictures of U.S. legal and regulatory requirements.

Reasonable Hours

21. I am requesting to be compensated for 16.6 hours of work. I have attached as Exhibit A my contemporaneous time records of time spent in connection with IPI's efforts to compel Tang's Corporation to produce discovery, including communication with Tang's counsel, preparing and filing motions to provide extensions to the discovery deadlines so that Tang's could meet its discovery obligations, preparing and filing a motion to compel, attending the hearing on that motion, and preparing this fee petition.

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct.

Executed on August 29, 2022, at Washington, D.C.

                                                     /s/ Samuel W. Salyer
                                              SAMUEL W. SALYER
                                              Attorney for Defendant

# Exhibit A

| | | |
|---|---|---|
| 6/8 | 1.0 | Drafting and sending email to opposing counsel regarding discovery deficiencies and requesting to meet and confer. |
| 6/12 | 1.2 | Attention to communication with opposing counsel regarding discovery deadlines (0.4); drafting and filing stipulation to extend discovery deadlines (0.8). |
| 6/22 | 0.2 | Attention to communication with opposing counsel regarding discovery schedule. |
| 6/24 | 0.2 | Attention to communication with opposing counsel regarding status of discovery production and need to meet and confer. |
| 6/27 | 1.0 | Meet and confer with opposing counsel regarding discovery requests and discovery schedule (0.3); drafting and filing stipulation to extend discovery deadlines (0.7). |
| 7/7 | 0.4 | Attention to review of communications regarding discovery production, drafting and sending letter to opposing counsel regarding discovery deficiencies. |
| 7/11 | 0.2 | Attention to communication with opposing counsel regarding status of discovery and motion to compel. |
| 7/12 | 7.3 | Attention to preparing motion to compel including review of discovery requests, materials produced by plaintiff, research and review of case law regarding discovery obligations and motions to compel, review of local rules, meeting and conferring with opposing counsel regarding discovery production, drafting and revising motion. |
| 7/13 | 0.4 | Filing motion to compel (0.2); preparing and sending proposed order compelling production (0.2). |
| 7/25 | 0.4 | Attention to communication with opposing counsel regarding discovery requests, continuance of motions hearing, and amendments to scheduling order. |
| 8/15 | 1.8 | Attention to preparing for and attending hearing on motion to compel. |
| 8/29 | 2.5 | Attention to research, drafting, and filing fee application and supporting materials. |
| | | |